UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARRY HALAJIAN,<br><br>    Defendant. | NO. 1:14-cr-00208-SAB<br><br>**ORDER DENYING MOTION TO DISMISS THE INDICTMENT; SETTING BENCH TRIAL** |

Before the Court is Defendant's Motion to Dismiss the Indictment, ECF No. 45, and the parties' Stipulation of the Parties to Waive Right to Jury Trial, and Request for Court Trial, ECF No. 50. A hearing on Defendant's Motion to Dismiss the Indictment was held on October 21, 2015. Defendant was present and represented by Ezekial Cortez and Joshi Valentine. The Government was represented by Dawrence Rice and Patrick Delahunty.

**1. Defendant's Motion to Dismiss Indictment**

At the hearing, the Court orally denied Defendant's Motion to Dismiss Indictment. This order memorializes the Court's oral ruling.

Defendant argues the Indictment fails to state a claim. He is being charged with two counts of Filing False Lien Against Personal Property of Federal Official in violation of 18 U.S.C. § 1521. He maintains that the Indictment fails to state an offense because he was using the term debtor to signify that judicial officers hold a

**ORDER DENYING MOTION TO DISMISS;
SETTING BENCH TRIAL**~ 1

duty and obligation to defend the Constitution. He asserts the lien he filed was not done to retaliate against the judges or to claim any entitlement to money or any other property. As such, the Indictment fails to state a claim.

In ruling on a motion to dismiss, the court must presume the truth of the allegations in the charging instruments. *United States v. Caicedo,* 47 F.3d 370, 371 (9th Cir. 1995) "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quotation omitted) "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence....The Court should not consider evidence not appearing on the face of the indictment." *Id.* (quotation omitted). The court may not rely on evidence that should only be admissible at trial. *Id.* Put another way, there is no summary judgment procedure in criminal proceedings. *Id*

> As the Ninth Circuit explained:
> An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. In cases where the indictment "tracks the words of the statute charging the offense," the indictment will be held sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense."

*United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quotations omitted).

Here, the indictment is sufficient for Fed. R. Cr. P. 12 purposes. It unambiguously sets out the necessary elements of filing a false lien, adequately informs Defendant of the charges, and enables him to plead double jeopardy, which is all it needs to do. Defendant's challenge to the Indictment is really a challenge to the sufficiency of the evidence, which is not a proper basis for a motion to dismiss.

**ORDER DENYING MOTION TO DISMISS;
SETTING BENCH TRIAL**~ 2

Defendant also argues the Indictment should be dismissed because section 1521 is unconstitutional as applied to him because it directly infringes on his First Amendment right—specifically, it infringes on his right to petition the Court for redress of grievances. He maintains that penalizing him for filing a UCC-1 punishes him for exercising his First Amendment rights.

The act of filing a false lien is not constitutionally protected speech. *United States v. Leaming*, 2015 WL 65358 (9th Cir. Jan. 6, 2015)(unpublished). Whether the lien was false is a question for the trial.

Finally, Defendant argues the Indictment should be dismissed due to prosecutorial misconduct. He asserts the U.S. Attorney has engaged in prosecutorial misconduct because they know that he had other motives for filing the UCC-1 statement that he believed are legitimate. In other words, they brought an Indictment knowing that he lacked the criminal intent.

The judicial power to intervene in grand jury proceedings is "frequently discussed, but rarely invoked." *United States v. Samango,* 607 F.2d 877, 881 (9th Cir. 1979). Because the constitutional doctrine of separation of powers mandates judicial respect for the independence both of the grand jury, and of the prosecutor, an indictment may be dismissed only in "flagrant case[s]" of prosecutorial misconduct. *United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir. 1977); *United States v. Chanen,* 549 F.2d 1306, 1312 (9th Cir. 1977).

Here, the record does not support a finding of prosecutorial misconduct. Whether Defendant had the requisite *mens rea* will be determined at trial.

**2.    The Parties' Stipulation to Waive Right to Jury Trial and Request for Court Trial**

Recently, the parties filed a Stipulation to Waive Right to Jury Trial and Request for Court Trial, ECF No. 50. Defendant, counsel for Defendant, and counsel for the Government agree to waive the right to jury trial in the above-

**ORDER DENYING MOTION TO DISMISS;
SETTING BENCH TRIAL**~ 3

captioned case. The Court will grant the parties' Stipulation and will set the above-captioned case for bench trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Indictment, ECF No. 45, is **DENIED**.

2. The parties' Stipulation to Waive Right to Jury Trial and Request For Court Trial, ECF No. 50, is **GRANTED**.

3. All Motions in Limine shall be filed on or before November 2, 2015. Responses to Motions in Limine shall be filed on November 10, 2015.

4. Trial briefs and Proposed Findings of Fact & Conclusions of Law shall be filed on or before November 13, 2015.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and the Jury Administrator.

**DATED** this 26th day of October, 2015.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO DISMISS;
SETTING BENCH TRIAL**~ 4