UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARRY HALAJIAN,<br><br>    Defendant. | NO.  1:14-cr-00208-SAB<br><br>**FINDINGS OF FACTS AND CONCLUSIONS OF LAW** |

    A bench trial was held on November 17, 2015, in Fresno, California. Defendant was present and represented by Ezekiel Cortez and Joshi Valentine. The Government was represented by Dawrence Rice, Jr. and Patrick R. Delahunty.

    Pursuant to Fed. R. Cr. P. 23(c), the Court enters the following Findings of Fact and Conclusions of Law.

    1.  Defendant Barry Halajiam is charged with two counts of violating 18 U.S.C. § 1521.

    2.  Section 1521 states:
> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW** ~ 1

3. In order to convict Defendant of violating section 1521, the Government must prove beyond a reasonable doubt the following elements:

> First, Defendant filed or attempted to file a lien or encumbrance in a public record;
>
> Second, the lien or encumbrance was against the property of an officer or employee of the United States government;
>
> Third, the lien or encumbrance was false, or it contained a materially false, fictitious, or fraudulent statement or representation;
>
> Fourth, Defendant knew or had reason to know that such lien was false or that it contained any material false, or fictitious, or fraudulent statement or representation; and
>
> Fifth, Defendant filed a lien or encumbrance on account of the officer or employee's performance of official duties.

4. Validity of the lien is not a prerequisite for a violation of section 1521. *United States v. Neal*, 776 F.3d 645, 653-54 (9th Cir. 2015).

5. In 2010, Defendant filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court, Eastern District of California, Fresno.

7. In 2012, he filed a Chapter 9 bankruptcy proceeding in the same court.

8. U.S. Bankruptcy Judge Frederick E. Clement presided over the Chapter 7 and Chapter 9 actions. During this time, U.S. Bankruptcy Judge Christopher M. Klein was the Chief U.S. Bankruptcy Judge for the U.S. Bankruptcy Court for the Eastern District of California.

9. On June 29, 2012, Defendant's Chapter 9 bankruptcy case was dismissed by Judge Clement.

10. Approximately three weeks later, Defendant filed with the California Secretary of State a series of UCC-1 Financing Statements that named various court staff and judicial officers associated with his bankruptcy proceedings as debtors, and himself as the secured party.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW** ~ 2

11.  Among those named as debtors were then-Chief Judge Klein and Judge Clement.

12. Shortly thereafter, Defendant filed a document entitled "Judicial Notice of Adjudicative Facts . . ." in his dismissed Chapter 9 bankruptcy case stating that he had "perfected liens" against then-Chief Judge Klein and Judge Clement. He attached a copy of the Financing Statement that he had filed on them as an exhibit.

13. Defendant listed the following collateral in the UCC-1 Financing Statement:

> Oaths of Office, Bonds, Errors and Omissions coverage(s) and constitutions of all US Court and US Bankruptcy Court Judges, Clerks, Deputy and/or Clerks, Trustees, Court Reporters, and staff including but not limited to Frederick E. Clement, Judge and Christopher M. Klein, Chief Judge, Mark Pope Assistant Trustee, Wayne Blackwelder Clerk, and Victoria C. Minor, Accepted and Mandatory Judicial Notice of 11 USAC 904 and Trespass June 11, 2012, Purchase money security agreement Contract #12-15132-A9, United States Security obligation purchase contract for equal application of the Rules as published current federal and state procedures including but not limited to the 4 ORGANIC LAWS of the UNITED STATES cited on pgs XLIII-LXXV of United States Code- 2006 Edition Volume One, United States Government Printing Office, a purchase money resulting trust, security against unreasonable searches and seizures, States codes regulation including but not limited to officials, employees, officers, agents public hazard bonds under fiduciary obligation, undertaking and or surety required by law, Purchase money Security Agreement Contracts USDCED 12cv00798, USDCED 12cv00814, USDCED 12at00325, Fresno – 11CECL01998, 12CECL01530, Fresno County Land apn 455-082-27. Debtors are Transmitting Utilities. This Financing Statement is to be filed for record or recorded in the REAL ESTATE RECORDS.

14.  Based on the testimony at trial, the exhibits, and stipulations, the Government has proved the elements of the charge of filing a false lien against a federal judge beyond a reasonable doubt as demonstrated by the following:

15.  Defendant filed UCC financing statements with both federal courts and the California Secretary of State.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW** ~ 3

16. The UCC financing statements showed that Defendant was a creditor and Judge Clement and Judge Klein were debtors.

17. The UCC financing statements listed collateral which included real and personal property of the Judges, including Oaths of office, bonds, errors and omissions policies, and Fresno county land.

18. The UCC financing statements were false and Defendant knew this as demonstrated by the following:

    a. Judge Clement and Judge Klein had no financial relationship or obligations with Defendant;

    b. Judge Clement and Judge Klein owed no money or debts to Defendant;

    c. The UCC financing statements were not valid or proper security agreements;

    d. Neither Defendant nor the Judges were transportation utilities;

    e. There were no purchase money agreements as alleged;

    f. The Judges were not debtors to Defendant.

    g. Defendant was not a creditor of the Judges.

19. The UCC financing statements became a lien or encumbrance against the real and/or personal property of the Judges.

20. Defendant had an improper motive, which was to harass or intimidate the Judges stemming from his frustration over his bankruptcy cases.

21. The UCC financing statements were filed in July, 2012—shortly after the bankruptcy cases were dismissed in June, 2012.

22. Defendant knew these documents contained false and fictitious statement.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Court finds Defendant GUILTY of Count 1 of the Indictment charging Defendant with filing a false lien against a federal judge.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW** ~ 4

2. The Court finds Defendant GUILTY of Count 2 of the Indictment charging Defendant with filing a false lien against a federal judge.

3. A sentencing hearing will be scheduled on a mutually convenient date to occur within 90-120 days of the date of this Order. Pending sentencing Defendant shall remain on the conditions of release previously imposed.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel and U.S. Probation.

**DATED** this 18th day of November, 2015.

_____
Stanley A. Bastian
United States District Judge